UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STEVE JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-39-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC D. WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Petitioner Steve Jackson is confined in the United States Penitentiary-McCreary located in Pine Knot, Kentucky. Jackson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2.] Jackson has paid the $5.00 filing fee, and the matter is ripe for disposition.

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)*; see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 Fed. Appx. 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Because Jackson has not demonstrated that his available remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his federal conviction and sentence, his § 2241 petition will be denied and this proceeding will be dismissed.

**I.**

On March 12, 2007, following a jury trial in the United States District Court for the District of New Mexico, a jury convicted Jackson of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. *See United States v. Jackson*, 2:06-CR-07195 (D. N.M. 2006) ("the Trial Court"). Jackson was sentenced to a term of life imprisonment, plus ten years of supervised release. *Id*., R. 71. On July 24, 2009, Jackson's conviction and sentence were affirmed on direct appeal. *United States v. Jackson*, 334 Fed. Appx. 900 (10th Cir. 2009). The mandate in Jackson's appeal issued on July 16, 2009.

Jackson challenges his federal sentence, alleging that it violates his right to due process of law guaranteed under the Fifth Amendment to the United States Constitution. Specifically, Jackson argues that his mandatory life sentence for crack cocaine offenses, imposed pursuant to 18 U.S.C. § 848(b), is excessive in light of recent changes to the United States Sentencing Guidelines regarding offenses involving crack cocaine.

Jackson fails to state a cognizable habeas corpus claim under 28 U.S.C. § 2241. Jackson challenges his sentence, but 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

There is, however, one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*,

564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). "Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

This is an exceedingly narrow exception. The remedy is not "inadequate and ineffective" simply because the prisoner failed to file a prior post-conviction motion under § 2255 or, if he filed a § 2255 motion, was denied relief. *Charles*, 180 F.3d at 756-58. Instead, the Sixth Circuit has held that this exception only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Jackson has not demonstrated that his § 2255 remedy is inadequate or ineffective because he has not sought that relief in the Trial Court. Jackson's conviction was affirmed on June 24, 2009. The Trial Court's docket sheet reveals that since that time, Jackson has not filed a § 2255 motion seeking post-judgment relief. Jackson is not barred from seeking relief under § 2255 in the Trial Court at this time.

Additionally, a district court has the authority under 18 U.S.C. § 3582(c)(2) to modify a defendant's sentence where the sentence included a term of imprisonment based on a sentencing range that was subsequently lowered by the United States Sentencing Commission ("the

3

Commission").¹ Jackson has not filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2) in the Trial Court. "To clarify, petitioner's argument regarding the sentence range for crack cocaine must be raised in the Trial Court, not in a collateral challenge to his sentence. Therefore, Section 2241 cannot provide him with the requested relief." *Thomas v. Hulick*, No. 08-00129, 2008 WL 4371300, at *3 (S.D. Ill. Sept. 19, 2008). For these reasons, Jackson's § 2241 petition will be denied and this proceeding will be dismissed.

**II.**

Accordingly, **IT IS ORDERED** that:

1. Petitioner Steve Jackson's petition for writ of habeas corpus [R. 2] is **DENIED**.

2. This action shall be **DISMISSED** and **STRICKEN** from the active docket.

3. Judgment shall be entered contemporaneously with this Order in favor of Eric Wilson, the named Respondent.

This the 17th day of March, 2010.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

---

¹ In order to decrease the disparity between sentences for crack cocaine offenses and powder cocaine offenses, the Commission reduced the penalties for crack cocaine offenses by amending the sentencing guidelines in 2007. The Commission also voted to make the changes to the guidelines retroactive, effective March 3, 2008. The amendment to the guidelines generally results in a base offense level of two levels less than the original offense level. *See* U.S.S.G. app. C, amend. 706.